

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**MICHAEL L. WEINER**

michael.weiner@dechert.com
+1 212 698 3608  Direct
+1 212 698 0408  Fax

November 10, 2014

**VIA ECF AND E-MAIL**

The Hon. Analisa Torres
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007-1312
Torres_nysdchambers@nysd.uscourts.gov

Re: U.S. v. National CineMedia, Inc. et al., No. 14-CV-8732 (AT)

Dear Judge Torres:

We are counsel to National CineMedia, Inc. and National CineMedia, LLC (collectively "NCM"). NCM and Screenvision, LLC and SV Holdco LLC (collectively "SV") are parties to an agreement to merge. Last Monday, November 3, 2014, the United States Department of Justice sued to block the merger, and the case has been assigned to Your Honor, *United States of America v. National CineMedia, Inc., et al.*, Civil Action No.: 14-CV-8732 (AT).

We are writing to ask Your Honor to convene a case management conference this week, preferably on Friday morning; I have confirmed that all counsel are available. The purpose of the case management conference would be to discuss a potential trial date and to resolve some confidentiality issues that are complicating the discovery process.

Because the United States seeks to block the merger of NCM and SV, both sides expect this matter will move expeditiously to trial. Typically, merger challenges like this are tried (to the Court) within 4-6 months of filing. The parties are discussing the possibility of a trial in March, which of course would only be possible if Your Honor is available and amenable to that schedule. Although the Court scheduled a conference in this matter for December 10, we believe the parties would benefit from an earlier conference at which we can discuss potential trial dates.

There is also an issue affecting discovery in this matter that we need the Court to address. In merger challenges like this, it is normal for there to be an immediate production of materials from the Department of Justice's investigative file, e.g., deposition transcripts and business documents obtained pursuant to Civil Investigative Demands. Counsel for the Defendants communicated with the Plaintiff's counsel on Monday, November 3, shortly after receiving the Complaint, in an effort to expedite disclosure of such



information. Recognizing that the United States would not produce such material with a proper confidentiality stipulation and protective order, Defendants proposed an order modeled after other recent merger challenges. Unfortunately, we have not been able to agree with the Plaintiff on a protective order, nor on the timing of the production of documents and deposition transcripts. We believe that scheduling a case management conference for Friday may facilitate a resolution of the outstanding disputes, and if not then we will need the Court to resolve such disputes. We will also ask the Court to enter an interim protective order that allows the Plaintiff to produce all relevant material to Defendants on an outside counsel-only basis until a permanent protective order is in place.

Defendants would be most grateful if the Court could accommodate this request.

Thank you for your consideration.

Respectfully,

*Michael L Weiner*

Michael L. Weiner

cc: Counsel of Record