November 13, 2014

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY  10007-1312
Torres_nysdchambers@nysd.uscourts.gov

      Re:    *U.S. v. National CineMedia, Inc., et al.*, No. 14-CV-8732 (AT)

Dear Judge Torres:

    Per Your Honor's order of November 12, 2014, the Parties in the above captioned case submit this joint letter to the Court.  The initial pretrial conference in this case is scheduled for November 14, 2014 at 11:00 am.

    1.  Description of the case:  The United States seeks to prevent National CineMedia LLC and National CineMedia, Inc. (collectively "NCM") from acquiring Screenvision LLC.

    The United States contends that the proposed acquisition would combine the only two major cinema advertising networks in the United States, eliminating competition that has substantially benefitted movie theaters and advertisers.  NCM and Screenvision act as intermediaries between movie theaters and advertisers, selling screen time to advertisers and packaging advertisements and content into a preshow, which movie theaters show before feature films.  As alleged in the Complaint, NCM and Screenvision together serve 88 percent of all movie theater screens in the United States.  The United States contends that the proposed acquisition violates Section 7 of the Clayton Act, 15 U.S.C. § 18, which prohibits acquisitions where the effects "may be substantially to lessen competition or to tend to create a monopoly."

    Defendants contend that the alleged "monopoly" over cinema advertising represents less than one percent of the overall video advertising market, which is the relevant market in this case.  Cinema advertising faces intense competition from other means to deliver video advertising to consumers, including advertising on television and multiple online (or "digital") video advertising products.  The proposed acquisition will create a better cinema advertising product that will compete more effectively against those much larger video advertising alternatives—leading to increased utilization and revenues in cinema advertising.  Because NCM and Screenvision are contractually committed to splitting their ad revenues with the movie theatres in their respective

1

networks (e.g., a 50-50 revenue share), the incremental benefits from this transaction will immediately pass through to those movie theatres, and the theatres will be better off as a result of this transaction.  At the same time, Defendants and movie theatres enjoy long-term contracts that negate the speculative antitrust harm Plaintiff is alleging.  Indeed, the vast majority of movie theatres have contracts that guarantee their revenue-share agreements into 2020 and beyond.  Furthermore, even upon the expiration of those contracts, the theatres will continue to have leverage in negotiations with Defendants.  For these reasons and more, Defendants respectfully submit that this transaction does not violate Section 7.

2. Contemplated Motions:  The Parties agree that the case is unlikely to be resolved in full by summary judgment or a motion to dismiss.  Defendants have not agreed to refrain from closing the acquisition prior to the Court issuing a ruling on the merits.  If they continue to refuse to agree, the United States will need to submit a motion asking the Court to restrain Defendants from closing until the Court has an opportunity to rule on the merits.  Defendants intend to reach agreement with Plaintiff on a complete schedule that would obviate the need for Plaintiff to seek temporary relief.  Defendants respectfully request that Plaintiff be Ordered to produce its investigative file without further delay so that the parties can have informed discussions on that full schedule.  Defendants have not identified any dispositive motions they contemplate filing at this time, but Defendants reserve the right to do so pending an opportunity to evaluate Plaintiff's investigative file.

3. Prospect for Settlement:  The United States is open to a settlement that addresses the competitive harms posed by the merger.  Defendants are open to settlement, and are willing to entertain any demand that does not involve abandoning the transaction.  The United States believes that a settlement conference at an appropriate time would be beneficial.  Defendants believe that an early settlement conference with the Magistrate Judge would be beneficial.

4. Anticipated Length of Trial:  The United States anticipates a trial on the merits in this case would require approximately 7 days.  Defendants anticipate a trial on the merits in this case would require approximately 3 weeks.  The United States proposes a trial date of March 16, 2015, or the earliest available date after that on the Court's calendar.  Defendants propose a trial date of March 30, 2015, or the earliest available date after that on the Court's calendar.

Respectfully submitted,

/s/
Mark W. Ryan
Counsel for Plaintiff United States

/s/
Paul H. Friedman, Esq.
Counsel for Defendants NCM LLC
and NCM, Inc.

/s/
Daniel M. Wall, Esq.
Counsel for Defendants Screenvision LLC
and SV Holdco LLC