UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                              *Plaintiff*,

           v.                                          Civil Action No. 14-cv-08732 (AT)

NATIONAL CINEMEDIA, INC.,                        **CIVIL CASE**
NATIONAL CINEMEDIA, LLC,                   **MANAGEMENT PLAN AND**
SV HOLDCO, LLC, and                          **SCHEDULING ORDER**
SCREENVISION, LLC,

                              *Defendants*.

ANALISA TORRES, United States District Judge:

        This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance
with Rule 26(f)(3), Fed. R. Civ. P.

        **Differences between Plaintiff's and Defendants' position are noted in each item
where disputes arise.**

1.      All parties **do not consent** to conducting all further proceedings before a magistrate
        judge, including motions and trial. 28 U.S.C. § 636(c).  The parties are free to withhold
        consent without adverse substantive consequences.

2.      This case **is not** to be tried to a jury.

3.      Amended pleadings may not be filed and additional parties may not be joined except with
        leave of the Court.  Any motion to amend or to join additional parties shall be filed within
        **30** days from the date of this Order.  **Any amended complaint shall be filed within 7
        days of entry of this order.**

4.      Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later
        than **7** days from the date of this Order.  **See #13**

5.      All fact discovery shall be completed no later than:
        **Plaintiff:  February 6, 2015**
        **Defendants:  February 16, 2015**

6.      The parties are to conduct discovery in accordance with the Federal Rules of Civil
        Procedure and the Local Rules of the Southern District of New York.  The following
        interim deadlines may be extended by the written consent of all parties without

application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

| Event | Proposed Plaintiff's Deadlines | Proposed Defendants' Deadlines |
|---|---|---|
| Initial Disclosures | 7 days after entry of the scheduling order | November 21, 2014 |
| Answers filed | 14 days after entry of the scheduling order | November 24, 2014 |
| Initial Requests for Production Served by | December 1, 2014 | |
| All Requests for Production Served by | | December 1, 2014 |
| Amended Complaint | 7 days from entry of scheduling order | 7 days from entry of scheduling order |
| Exchange of Preliminary Witness List | February 16, 2015 | December 3, 2014 |
| Interrogatories Served by | December 31, 2014 | December 31, 2014 |
| Requests to Admit Served by | December 31, 2014 | December 31, 2014 |
| Advertising Tutorial for the Judge | Plaintiff does not believe a separate mini-trial (or "tutorial" as Defendants refer to it) is necessary.  That subject matter can be covered at trial. | January 12, 2015 |
| All fact depositions completed by | February 6, 2015 | February 16, 2015 |
| Close of Fact Discovery | February 6, 2015 | February 16, 2015 |
| Plaintiff Expert Disclosure | February 6, 2015 | February 2, 2015 |
| Defendant Expert Disclosure | February 6, 2015 (on issues on which they have the burden of proof) | February 23, 2015 |
| Supplemental & Rebuttal Expert Reports | February 16, 2015 | March 2, 2015 |
| Expert Depositions | February 16–27, 2015 | March 2–16, 2015 |
| Close of Expert Discovery | February 27, 2015 | March 16, 2015 |
| Final Pretrial Submission Date | March 6, 2015 | March 23, 2015 |
| First day of trial | March 16, 2015 | March 30, 2015 |

7.      a.      All <u>expert</u> discovery shall be completed no later than:
        **<u>Plaintiffs:  February 27, 2015</u>**
        **<u>Defendants:  March 16, 2015</u>**

     b.     No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.     All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions __in limine__ may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.     All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.     a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:
          __See 10(b) and 10(c).__

     b.     Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.  Counsel for the parties propose the following alternative dispute resolution mechanism for this case:
          __Settlement conference before a magistrate judge.__

     c.     Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the case (__e.g.__ within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
          __Plaintiff:  At an appropriate time.__
          __Defendants:  At the earliest practical date, and no later than 60 days from the entry of this order.__

     d.     The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.     The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later).  By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P.  Any motions __in limine__ shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion

conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire questions, jury instructions and verdict form shall also be filed by the Final Pre trial Submission Date.  Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission.  Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P.  If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.  **See #13**

12. Counsel for the parties have conferred and their present best estimate of the length of trial is:  **Plaintiff estimates trial will last 5–7 days.  Defendants estimate trial will last 3 weeks.**

13. [Other items, including those in Rule 26(f)(3).]

Plaintiff's Other Items:

a. The parties shall not complete the proposed transaction before 11:59 p.m. Eastern Time on the fifth day following any Court decision in the defendants' favor on a DOJ request for a preliminary injunction or following a trial on the merits.

b. The parties agree to meet their 26(a)(1)(A) initial disclosures no later than 7 days from the entry of this Order.

c. To assist the parties in planning discovery, and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804 available under those rules.

d. Plaintiff shall be entitled to notice up to fifteen (15) depositions.  Defendants (collectively) shall be permitted to notice up to the same number.  Any witness appearing on a party's trial witness list who has not previously been deposed in the action may be deposed prior to trial, and that deposition shall not count against the twenty depositions each side is entitled to under this Order.

e. The parties have agreed to respond in writing to written discovery requests served upon one another within 20 days of service.  The parties agree they will produce documents 20 days after service of a document request.  If a party believes a particular request is so broad or burdensome that it cannot complete production in 20 days, it shall meet and confer before the 20-day deadline, begin producing documents in 20 days, and, if necessary, seek relief from the Court.  Both parties agree to produce documents on a rolling basis where feasible.

4

Defendants' Other Items:

  a.    Defendants' prior submissions to the DOJ shall satisfy their obligations under Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiff's timely disclosure to the defendants on an outside counsel only basis of its complete investigative file shall satisfy its obligations under Fed. R. Civ. P. 26(a)(1)(A)(i).

  b.    The parties are discussing the form of a confidentiality order.

  c.    Defendants agree that limits on the number of depositions, interrogatories and requests for admission should be established by the parties and the Court, but only after the Initial Disclosures.

  d.    Any party may seek modification of this Order for good cause.

---

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14.    [Other]

15.    The next Case Management Conference is scheduled for _____ at _____.
       [Absent exceptional circumstances, a date fourteen (14) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

       This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.A. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

       SO ORDERED.

       Dated: _____
              New York, New York