UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               *Plaintiff*,<br>v.<br><br>NATIONAL CINEMEDIA, INC.,<br>NATIONAL CINEMEDIA, LLC, SV<br>HOLDCO LLC, and SCREENVISION<br>LLC,<br><br>               *Defendants*. | Civil Action No.: 14-CV-8732 (AT)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 11/17/2014 |

## STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(1), ORDERS as follows:

**A.    Definitions**

    1. As used herein:

        (a) "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

        (b) "Confidential Information" means any trade secret or other confidential research, development, or commercial information, as such terms are used in Fed. R. Civ. P.

1

26(c)(1)(G), or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(c) "Highly Confidential Information" means any Confidential Information which the Protected Person reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections.

(d) "Defendants" means (i) National CineMedia LLC, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing; (ii) National CineMedia, Inc., its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing; (iii) Screenvision, LLC, its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing; and (iv) SV Holdco LLC its divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents, and representatives of the foregoing.

(e) "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(f) "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(g) "Investigation" means the pre-Complaint inquiry into the matters at issue in this Action by the U.S. Department of Justice.

(h) "Investigation Materials" means (i) documents, testimony or other materials relating to the Investigation that any non-Party provided to any Party, either voluntarily or under

compulsory process; (ii) documents constituting any communication between any Party and any non-Party relating to the Investigation; and/or (iii) documents, testimony, or other materials that any Defendant, or affiliated person or entity provided to Plaintiff during the Investigation.

(i) "Litigation Materials" means documents, testimony, or other materials that (i) any non-party provides to any Party either voluntarily or under compulsory process in connection with and during the pendency of this Action; (ii) constitute any communication between any Party and any non-party in connection with and during the pendency of this Action; (iii) any Defendant provides to Plaintiff in connection with and during the pendency of this Action and/or (iv) Plaintiff provides to any Defendant in connection with and during the pendency of this Action.

(j) "Outside Counsel of Record" means the firm(s) of attorneys representing a Defendant in this proceeding.

(k) "Party" means any Plaintiff or any Defendant in this Action. "Parties" means collectively Plaintiff and Defendants in this Action.

(l) "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(m) "Plaintiff" means the United States of America, the Antitrust Division of the Department of Justice, and all employees, agents, and representatives of the Antitrust Division of the Department of Justice.

(n) "Protected Person" means any Person (including a Party) that has provided Investigation Materials or that provides documents, testimony or other materials in this Action voluntarily or in response to a discovery request or subpoena.

**B.     Designation of Confidential Information**

2. Within two business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3. A non-Party Protected Person may designate as "Confidential Information" or "Highly Confidential Information" any Investigation Materials or Litigation Materials, to the extent such information constitutes Confidential Information, as defined in subparagraph 1(b) of this Order, or Highly Confidential Information, as defined in subparagraph 1(c). Such designations constitute a representation to the Court that such Protected Person (and counsel, if any) in good faith believes that the information so designated constitutes Confidential Information or Highly Confidential Information.

4. If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within 10 days after receipt of a copy of this Order, seek additional protection from the Court for its Confidential Information or Highly Confidential Information. Any request for additional protection shall identify with particularity the documents or information the requesting party contends requires additional protection, and shall separately state the grounds for each request with particularity. If a non-Party Protected Person seeks additional protection from the Court, the Investigation Materials for which additional protection has been sought will be treated as Highly Confidential Information until the Court has ruled.

5. DESIGNATION OF INVESTIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate Investigative Materials produced prior to the Court's entry of this Order as Confidential Information or Highly Confidential Information:

(a) <u>Testimony</u>. All transcripts of depositions taken by Plaintiff during the Investigation or during this Action prior to entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after entry of this Order. At any time during the 21-day period, each Protected Person may designate as Confidential Information, as defined in subparagraph 1(b) of this Order, or Highly Confidential Information, as defined in subparagraph 1(c), any portion of the transcript, by page and line, and any accompanying exhibits produced by the Protected Person. To be effective, such designations must be provided in writing, by overnight mail or email, to Plaintiff's counsel. Within five days following the 21-day period, Plaintiff shall transmit to Defendants all deposition confidentiality designations received from non-Parties. Any portion of the transcript or exhibits that is not designated as Confidential Information or Highly Confidential Information pursuant to this subparagraph 5(a) shall not be treated as Confidential Information or Highly Confidential Information, despite any prior designation of confidentiality.

(b) <u>Documents</u>. All documents produced by Protected Persons to Plaintiff during the Investigation will be treated as Highly Confidential Information in their entirety for 21 days after entry of this Order. At any time during the 21-day period, any Protected Person may designate as Confidential Information, as defined in subparagraph 1(b) of this Order, or Highly Confidential Information, as defined in subparagraph 1(c), any document or portion of a document produced to Plaintiff by providing Plaintiff with document-production page numbers

or other means of easily indentifying the designated documents. To be effective, such designations must be provided in writing, by overnight mail or email, to Plaintiff's counsel. Within five days following the 21-day period, Plaintiff shall transmit to Defendants all confidentiality designations received from non-Parties. If a Protected Person has previously labeled, identified or otherwise designated information produced to Plaintiff during the Investigation as confidential, and does not re-designate the information as Confidential Information or Highly Confidential Information pursuant to this Order, the information shall be treated as Confidential Information Pursuant to this Order.

      6. DESIGNATION OF LITIGATION MATERIALS. The following procedures govern the process for Protected Persons to designate as Confidential or Highly Confidential any information that they disclosed in this Action after this Order is entered, including but not limited to information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36 and 45, and documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

      (a) <u>Testimony</u>. All transcripts of depositions taken in this Action after entry of this Order will be treated as Highly Confidential Information in their entirety for 21 days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel, if applicable). Within five business days of receipt of the final transcript, the Party who noticed the deposition shall provide the final transcript to the deponent. Within 21 days following receipt of the final transcript, the deponent may designate as Confidential or Highly Confidential, any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer. To be effective, such designations must be provided in writing, by overnight mail or email, to

Plaintiff's and Defendants' counsel. Any portion of the transcript or exhibits not so designated pursuant to this subparagraph 6(a) shall not be treated as Confidential or Highly Confidential, despite any prior designation of confidentiality.

When a Party is entitled under this Order to question a deponent about a document or information that has been designated by a different Protected Person as Confidential or Highly Confidential, the Party that asked such questions shall designate as Confidential or Highly Confidential the portion of the transcript relating to such Confidential or Highly Confidential document or information.

(b) <u>Documents</u>. A Protected Person who designates as Confidential Information any document that they produced in this Action must stamp or otherwise mark each page containing Confidential Information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. If the entire document is not Confidential Information, the Protected Person shall stamp or label only those pages that contain Confidential Information. Likewise, a Protected Person who designates as Highly Confidential Information any document that they produced in this Action must stamp or otherwise mark each page containing Highly Confidential Information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility. If the entire document is not Highly Confidential Information, the Protected Person shall stamp or label only those pages that contain Highly Confidential Information.

(c) <u>Electronic Documents and Data</u>. Where a Protected Person produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Protected Person for protection under this Order by appending to the

7

file names or designators information indicating whether the file contains Confidential or Highly Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. Likewise, where Highly Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Highly Confidential Information, the "HIGHLY CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 12, the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and include the production number and designation associated with the native file.

(d) Whenever discovery is sought from a non-Party in this Action, a copy of this Order shall accompany the discovery request or subpoena. Non-Parties may designate materials as Confidential or Highly Confidential pursuant to the procedures in this paragraph.

7. If a Protected Person inadvertently produces material subject to the attorney-client privilege, work-product protection, or any other applicable privilege or protection, the applicable privilege and/or protection shall not be waived if a request for return of such inadvertently produced material is made promptly after the producing Protected Person learns of

its inadvertent production. Upon such prompt notice, the Parties will comply with Federal Rule of Civil Procedure 26(b)(5)(B) and any other applicable rules or orders.

8. In the event of a disclosure of any Confidential or Highly Confidential Information to any person(s) not authorized to receive such disclosure under this Order, the Party responsible for having made such disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. The disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the right to maintain the disclosed material as containing Confidential or Highly Confidential Information.

9. Any production of documents or testimony not designated as Confidential or Highly Confidential will not be deemed a waiver of any future claim of confidentiality concerning such information if it is later designated as Confidential or Highly Confidential. If a Protected Person realizes that it should have designated as Confidential or Highly Confidential any Investigation Materials or any documents, testimony, or other materials that Person previously produced during discovery in this Action, it may so designate such documents, testimony, or other materials by notifying the Parties in writing. The Parties shall thereafter treat the Investigation Materials pursuant to the Protected Person's new designation under the terms of this Order. No prior disclosure of newly designated Confidential or Highly Confidential Information shall violate this Order. However, the disclosure of any information for which

disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

10. If a Party receives a confidentiality waiver to allow a deponent that is not related to the waiving Party to be questioned on information that would otherwise be Confidential Information or Highly Confidential Information, that waiver (including identifying the specific Confidential Information or Highly Confidential Information to which it pertains) must be disclosed to counsel for all other Parties as soon as practicable, but no later than two business days prior to the deposition of the witness in question, unless good cause for a later disclosure is shown.

### C.     Challenges to Confidential or Highly Confidential Designation

11. Any Party, based on the good faith belief that specific information designated as Confidential Information or Highly Confidential Information does not constitute Confidential Information or Highly Confidential Information, may notify the Protected Person (and all Parties) in writing of disagreement with the designation. Such challenge shall identify with particularity the document(s) or information that the objecting party contends should be designated differently, and shall separately state the grounds for each objection with particularity. All materials objected to shall continue to be treated as Confidential or Highly Confidential Information pending resolution of the dispute. The objecting party shall confer with the Protected Person (as well as any other interested Party) within five business days of making its objection, or such other time as the Parties may agree to in a good faith effort to resolve the dispute. The Protected Person shall thereafter have 14 days to move the Court for an order upholding the designation. The burden of proving that the designation is proper shall be upon the

person seeking to uphold the designation. If the Protected Person fails to move the Court in accordance with this paragraph, or if the Court finds the designation of Confidential Information or Highly Confidential Information to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the information as Confidential Information or Highly Confidential Information under this Order. The Parties' entry into this order shall not preclude or prejudice either the Protected Person or the objecting Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information.

**D.      Disclosure of Confidential or Highly Confidential Information**

12. Confidential Information may be disclosed only to the following persons:

(a) the Court and all persons assisting the Court in this Action, including law clerks, court reporters, and stenographic or clerical personnel;

(b) counsel for the Plaintiff in this Action and its paralegals and other professional personnel (including support and IT staff), and independent contractors retained by the Plaintiff to assist in this Action whose functions require access to the information;

(c) Outside Counsel of Record for Defendants, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action whose functions require access to the information;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants) retained by a Party to assist that Party in this Action provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto;

11

(e) any mediator or arbitrator that the Parties engage in this Action or that this Court appoints;

(f) persons who are authors, addressees, and recipients of the document, to the extent they have previously had lawful access to the document disclosed or to be disclosed; or persons for whom counsel for Plaintiff or Defendants believes in good faith previously received or had access to the document, unless the person indicates that he or she did not have access to the document;

(g) any person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated or independent contractors who assist the expert's work in this Action, provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto;

(h) outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto; and

(i) one in-house attorney for each Defendant, not involved in business decisions, whose name shall be disclosed to the U.S. Department of Justice at least 5 business days prior to the effective date of such designation, provided that the in-house attorney shall first execute an Agreement Concerning Confidentiality in the form of Exhibit A attached hereto. To the extent a Defendant seeks to change the one-in house attorney that may receive access to Confidential Information, the Defendant must provide notice to Plaintiff at least 10 business day prior to the effective date of such change.

13. Highly Confidential Information may be disclosed only to the persons set forth in Section D.12(a)-(h) above.

14. Counsel for the Party making the disclosure must retain the original of the Agreement Concerning Confidentiality in the form of Exhibit A attached hereto for a period of at least one year following the final resolution of this Action.

15. Each individual described in paragraphs 12 and 13 of this Order to whom information designated as Confidential Information or Highly Confidential Information is disclosed must not disclose that Confidential or Highly Confidential Information to any other individual, except as provided in this Order.

16. Recipients of Confidential or Highly Confidential Information under this Order may use such material solely for the prosecution and defense of this Action and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action. Further, nothing contained in this Order prevents Plaintiff, subject to taking appropriate steps to preserve the confidentiality of such information, from disclosing such information designated as Confidential or Highly Confidential (i) in the course of any other legal proceeding in which the U.S. Department of Justice is a party; (ii) for the purpose of securing compliance with a Final Judgment in this Action; or (iii) for law enforcement purposes.

17. Nothing in this Order:

    (a) limits a Protected Person's use or disclosure of its own information designated as Confidential or Highly Confidential Information;

(b) prevents disclosure of Confidential or Highly Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c) prevents disclosure by a Party of Confidential or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt in discovery in this Action; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a Court or as may be required by law.

### E.     Use of Information Designated Confidential or Highly Confidential in This Action

18. If any documents, testimony, or other materials designated under this Order as Confidential or Highly Confidential Information are included in any pleading, motion, exhibit, or other paper to be filed with the Court, the Party seeking to file must follow the procedures set forth in section IV.A of the Individual Practice Rules of Judge Analisa Torres. A request for the Court to allow filing under seal shall include the proposed redactions. If this Court grants leave to file the document under seal, the filing Party shall file with the Clerk of this Court a redacted version of the filing. Nothing in this Order shall restrict the Parties or any interested member of the public from challenging the filing of any Confidential or Highly Confidential Information under seal.

19. Disclosure at trial of documents and testimony and other materials designated as Confidential Information or Highly Confidential Information will be governed pursuant to separate order. Unless directed otherwise by the Court, the parties shall meet and confer in

good faith to arrive at recommended procedures for handling Confidential Information and Highly Confidential Information at trial.

20. All Confidential Information or Highly Confidential Information produced by a Party or a non-party as part of this proceeding shall be used solely for the conduct of this action and shall not be used for any business, commercial, competitive, personal, or other purpose.

### F. Procedures upon Termination of This Action

21. The obligations imposed by this Order survive the termination of this Action unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating this litigation, all persons having received information designated as Confidential or Highly Confidential Information must either make a good faith effort to return such material and all copies thereof to the Protected Person (or the person's counsel if represented by counsel) that produced it, or destroy or delete all such Confidential or Highly Confidential Information and certify that fact in writing to the Party or Protected Person. Counsel for Plaintiff and Defendants will be entitled to retain court papers, deposition and trial transcripts and exhibits, and work product, provided that the Parties and their counsel do not disclose the portions of court papers, deposition transcripts, exhibits, or work product containing information designated as Confidential or Highly Confidential Information to any person except pursuant to Court order or agreement with the Protected Person that produced the Confidential or Highly Confidential Information or as otherwise permitted herein. All Confidential or Highly Confidential Information returned to the Parties or their counsel by the

Court likewise must be disposed of in accordance with this paragraph. Nothing in this Paragraph, however, restricts the rights of the Parties under paragraphs 16 and 17 of this Order.

### G.  Right to Seek Modification

22. Nothing in this Order limits any person, including members of the public, Party or Protected Person from seeking further or additional protections of any of its materials or modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in this Action or any other proceeding.

### H.  The Privacy Act

23. This Order constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

### I.  Persons Bound by This Order

24. This Order shall be binding on the Parties to this Action, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**AGREED TO:**

Dated: November 17, 2014           By:  /s/_____
                                   William H. Jones, II
                                   United States Department of Justice
                                   Antitrust Division
                                   450 Fifth Street, NW
                                   Washington, DC 20530
                                   (202) 514-0230
                                   bill.jones2@usdoj.gov

                                   Counsel for the United States

16

By: /s/_____
Paul H. Friedman
Dechert LLP
1900 K Street, NW
Washington, DC 20006
(202) 261-3398
paul.friedman@dechert.com

Counsel for National Cinemedia, Inc. and
National Cinemedia, LLC


By: /s/_____
Lawrence E. Buterman
Latham & Watkins LLP
555 Eleventh Street, NW
Washington, DC 20004
(202) 637-2216
Lawrence.buterman@lw.com

Counsel for Screenvision, LLC and
SV Holdco, LLC


**SO ORDERED:**

Dated: November 17, 2014
       New York, New York

_____
ANALISA TORRES
United States District Judge

APPENDIX A

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff*,<br>v.<br><br>NATIONAL CINEMEDIA, INC., NATIONAL CINEMEDIA, LLC, SV HOLDCO LLC, and SCREENVISION LLC,<br><br>                *Defendants*. | Civil Action No.: 14-CV-8732 (AT) |

## AGREEMENT CONCERNING CONFIDENTIALITY

I, _____, am employed by _____ as _____.

I hereby certify that:

1. I have read the Protective Order entered in the above-captioned action, and understand its terms.

2. I agree to be bound by the terms of the Protective Order entered in the above-captioned action. I agree to use the information provided to me only as explicitly provided in this Protective Order.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4. I submit to the jurisdiction of the United States District Court for the Southern District of New York solely for the purpose of enforcing the terms of the Protective Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said Court.

_____
SIGNATURE

_____
DATE