UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                *Plaintiff*,

v.

NATIONAL CINEMEDIA, INC.,
NATIONAL CINEMEDIA, LLC,
SV HOLDCO, LLC, and
SCREENVISION, LLC,

                *Defendants*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/21/2014

Civil Action No. 14-cv-08732 (AT)

**CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER**

ANALISA TORRES, United States District Judge:

    This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3), Fed. R. Civ. P.

1. All parties **do not consent** to conducting all further proceedings before a magistrate judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. This case **is not** to be tried to a jury.

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within **30** days from the date of this Order. **Any amended complaint shall be filed by within 7 days of entry of this Order.**

4. Initial disclosures, pursuant to Rule 26(a)(1), Fed. R. Civ. P., shall be completed not later than: **1 business day from entry of this Order.**

5. All fact discovery shall be completed no later than: **February 16, 2015.**

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. **All** requests for production of documents to be served by **December 1, 2014**.

    b. Interrogatories to be served by **December 31, 2014.**

    c.    Depositions to be completed by **February 16, 2015 (fact, not expert, depositions; see #13).**

    d.    Requests to Admit to be served no later than **December 31, 2014.**

7.    a.    All expert discovery shall be completed no later than **March 18, 2015**. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 5, i.e. the completion of all fact discovery.]

    b.    No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a). **Modified as below:**

| | |
|---|---|
| Plaintiff Expert Disclosure | 2/2/2015 |
| Defendant Expert Disclosure | 2/23/2015 |
| Plaintiff Expert Reply | 3/6/2015 |
| Expert Depositions | 3/6/2015 - 3/18/2015 |
| Close Expert Discovery | 3/18/2015 |

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a pre-motion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.    Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following: **See 10(b) and 10(c).**

    b.    Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a magistrate judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternative dispute resolution mechanism for this case: **Settlement conference before a magistrate judge.**

    c.    Counsel for the parties recommend that the alternative dispute resolution mechanism designated in paragraph b, be employed at the following point in the

        case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery): **At the earliest practical date, and no later than 60 days from entry of this order.**

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.    The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the Court's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the pre-motion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire questions, jury instructions and verdict form shall also be filed by the Final Pre trial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date. **March 23, 2015.**

12.    Counsel for the parties have conferred and their present best estimate of the length of trial is: **2–3 weeks.**

13.    [Other items, including those in Rule 26(f)(3).]

| Event | Deadline |
| --- | --- |
| Initial Disclosures | 1 business day from entry of this Order |
| Answers filed | November 24, 2014 |
| All Requests for Production Served by | December 1, 2014 |
| Amended Complaint | 7 days from entry of this Order |
| Exchange of Preliminary Witness List | December 3, 2014 |
| Interrogatories Served by | December 31, 2014 |
| Requests to Admit Served by | December 31, 2014 |
| All fact depositions completed by | February 16, 2015 |
| Close of Fact Discovery | February 16, 2015 |
| Plaintiff Expert Disclosure | February 2, 2015 |
| Defendant Expert Disclosure | February 23, 2015 |
| Plaintiff Expert Reply | March 6, 2015 |
| Expert Depositions | March 6–18, 2015 |
| Close of Expert Discovery | March 18, 2015 |
| Final Pretrial Submission Date | March 23, 2015 |
| First day of trial | April 13, 2015 |

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

14. [Other]

In accordance with Paragraph V.B of the Court's Individual Rules and Practices for Civil Cases, the parties shall submit a proposed joint pretrial order to the Court by PDF attachment to an e-mail by **March 23, 2015** at **12:00 p.m.**

In accordance with Paragraph V.C of the Court's Individual Practices, each party shall file and serve along with the joint pretrial order all required pretrial filings, including motions addressing any evidentiary issues or other matters that should be resolved *in limine*, and proposed findings of fact and conclusions of law.  The proposed findings of fact shall be detailed and shall include citations to the proffered trial testimony and exhibits, as there may be no opportunity for post-trial submissions.

In accordance with Paragraph V.C(v) of the Court's Individual Practices, the parties shall deliver to the Court by **March 23, 2015**, one copy of each documentary exhibit sought to be admitted, pre-marked (*i.e.*, labeled with exhibit stickers) and assembled sequentially in a looseleaf binder or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference.

In accordance with Paragraph V.E of the Court's Individual Practices, at the time the joint pre-trial order is filed, each party shall mail or hand deliver to the Court and serve on opposing counsel, but not file on ECF, the following: (1) copies of affidavits constituting the direct testimony of each trial witness, except for the direct testimony of an adverse party, a person whose attendance is compelled by a subpoena, or a person for whom the Court has agreed to hear direct testimony live at the trial; (2) all deposition excerpts which will be offered as substantive evidence, as well as a one-page synopsis of those excerpts for each deposition; and (3) all documentary exhibits.  Three business days after submission of the affidavits constituting the direct testimony of each trial witness, counsel for each party shall submit a list of all affiants whom he or she intends to cross-examine at the trial.  The one-page synopsis of deposition excerpts shall include page citations to the pertinent pages of the deposition transcript.

In accordance with Paragraph V.F of the Court's Individual Practices, by **March 30, 2015**, at **12:00 p.m.**, the parties shall file, if necessary, any opposition to any motion *in limine*, and any opposition to any legal argument in a pretrial memorandum.

Counsel for all parties shall appear for a final pretrial conference on **April 6, 2015,** at **4:15 p.m.**, in Courtroom 15D of the United States Courthouse, 500 Pearl Street, New York, NY 10007.

Trial shall commence at **9:00 a.m.** on **April 13, 2015**. In accordance with Paragraph V.H of the Court's Individual Practices in Civil Cases, trial will be conducted from 9:00 a.m. to 2:15 p.m. with a break from 11:15 to 11:45 a.m.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph I.A. of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: November 21, 2014
New York, New York

_____
ANALISA TORRES
United States District Judge