**VIA EMAIL AND ECF**

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

January 7, 2015

      Re:    <u>United States v. National Cinemedia, Inc., et al., No. 14-cv-8732 (AT)</u>

Dear Judge Torres:

Pursuant to Local Rule 37.2 and this Court's Individual Practices § II.C, the parties in the above-captioned case submit this joint letter concerning a dispute over supplementing the preliminary witness lists they exchanged on December 3, 2014 as required by paragraph 13 of the case management order. (Docket # 34). The parties met and conferred by telephone on December 31, 2014, for a total of 26 minutes. Counsel involved in the discussions were Bill Jones, Miriam Vishio, and Adam Speegle for the United States and Paul Freidman for Defendant NCM and Lawrence Buterman for Defendant Screenvision. Counsel also had several other earlier conversations on the issue.

The parties set forth their respective positions below.

**<u>The United States' Position</u>**

Since December 12, 2014, the parties have exchanged multiple drafts of a proposed supplemental case management order aimed at addressing certain discovery and pre-trial issues not covered in the joint proposed case management order they submitted to the Court on November 21 (Docket # 33) and which the Court entered on November 24 (Docket # 34). The only issue on which the parties have been unable to agree is supplementing their preliminary witness lists.

As Defendants originally proposed, the parties exchanged preliminary fact witness lists on December 3. Fact discovery in this case closes on February 16, expert discovery closes on March 18, pretrial submissions are due on March 23, and trial is set to begin on April 13. Both sides agreed to this expedited schedule. Defendants have identified twenty potential witnesses they might call at trial. The United States identified 20 potential witnesses as well. The United States believes that, in light of the deadlines and trial date the parties have agreed to, there should be only a limited right for each side to add new witnesses to its witness lists in supplemental witness lists. To this end, the United States proposes to cap at five the number of fact witnesses who can be added to each side's witness lists. Under the United States' proposal, each side could add three new witnesses by January 30. Each side also would have the ability to add up to two new fact witnesses by March 16. These manageable numbers would enable the parties to

prepare for trial given the expedited schedule in place and the expected length of trial. Defendants rejected this proposal.

Defendants have proposed each side be able to add up to fifteen new fact witnesses. Ten new witnesses could be added by January 30 and five by March 16 under Defendants' proposal. In absence of an agreed limit, Defendants assert an unlimited right to add new fact witnesses up until March 23, the date of final pretrial submissions.

Defendants' witness list has been the focus of the United States' discovery efforts to date. Under Defendants' position, the United States could be forced to embark on effectively a new round of discovery on a significant number of new witnesses with only about two weeks before the close of fact discovery. This is an unreasonable burden to place on the United States and will unnecessarily complicate its trial preparation, especially in light of the parties' agreement to move this case quickly to trial. Moreover, the United States will have wasted many of its discovery efforts to date because it relied on Defendants' December 3rd list.

Defendants will suffer no disadvantage if they must live under the December 3rd preliminary witness list deadline they originally proposed. First, Defendants spent several months prior to the filing of the Complaint lining up witnesses to persuade the United States not to challenge the merger. That is why they were able to identify 20 witnesses on December 3. Second, Defendants have unfettered access to their own executives who have extensive knowledge about their businesses and the facts in dispute in this case. Defendants have already listed several of their executives as witnesses. Defendants also have access to and knowledge of their business documents, which will play an important role in the trial. Third, the United States' December 3 preliminary list enables Defendants to prepare their defense based on the witnesses the United States has identified.

The United States therefore respectfully requests that the Court limit the number of new fact witnesses each side can add to its December 3, 2014 preliminary witness list to a total of five new witnesses.

**Defendants' Position**

Plaintiff seeks to handcuff NCM and Screenvision in defending this matter, and effectively undermine the discovery process, by largely limiting us at trial to calling witnesses we identified on a preliminary list that we provided Plaintiff prior to any deposition or written discovery commencing in this action. At the time the preliminary lists were exchanged, there was no agreement whatsoever between the parties that the lists would be limiting in any way, and Plaintiff never indicated until well after it received our list that it intended on taking such a view. We were clear when we served our preliminary witness list that we were reserving the right to supplement our list as discovery progressed. *Indeed, Plaintiff in its preliminary list reserved the right to supplement or modify its list as it saw fit, without any limitations.* But now that it has reviewed our list, Plaintiff has shifted its strategy, and seeks an Order from the Court that the preliminary lists be deemed to have a preclusive effect—thereby restricting the evidence we can put before the Court at trial in our defense. If Plaintiff anticipated all along that the preliminary list should foreclose Defendants from calling witnesses at trial, it should have raised

that point with Defendants and the Court *prior* to the Case Management Order being entered and the lists being exchanged—not *ex post facto*.

Plaintiff's willingness to limit the parties in terms of supplementing witness lists highlights the relative discovery disparity under which the parties are operating. For several months prior to filing suit, the DOJ conducted an extensive investigation into the proposed merger between NCM and Screenvision, an investigation which included subpoenaing and reviewing close to a million documents, interviewing numerous third parties, and deposing under oath several third parties in depositions Defendants were not permitted to attend. It was not until a few days prior to the deadline for exchanging preliminary witness lists that Plaintiff even began providing some initial disclosures regarding its investigative file. As of today, remarkably, Plaintiff still refuses to identify for Defendants the complete list of third parties it spoke to during its investigation, and whether those parties supported the transaction or raised concerns. Yet DOJ would have this Court effectively Order that many of those witnesses, who may have provided statements and have information relevant to our defense, be excluded from trial. Plaintiff's statement that we have "unfettered access to [our] own executives who have extensive knowledge about [our] businesses and the facts in dispute in this case" is the proverbial red herring; it does not impact what is truly at issue here—which is whether DOJ can limit third-party witnesses so as to exclude from trial testimony that does not support its case.

Unlike Plaintiff, in formulating our preliminary list we did not have the benefit of having examined potential third-party witnesses under oath and having analyzed their relevant documents. Our preliminary list was thus our good-faith effort to identify, before taking any discovery, the witnesses we reasonably anticipated would testify at trial. To suggest we cannot call in our defense more than a few witnesses that are not on that list undermines the very purpose of discovery—which is to adduce relevant information to use at trial. It also ignores the business reality that for Defendants, it is not a simple decision to put a name on a witness list, and thereby drag a third party—who often is a client or customer—into litigation and subject that party to the time and expense of document discovery, deposition, and cross-examination. But certainly at a minimum, had we known Plaintiff would take this extreme position, we necessarily would have submitted a more extensive preliminary witness list at the outset.

In an effort to compromise we have made several different proposals to Plaintiff. We agreed to provide Plaintiff with the opportunity to depose any witnesses added from our preliminary list regardless of whether fact discovery had concluded; we agreed to make the bulk of our supplementations by January 30, reserving only a few substitutions for a later date; and then we agreed to limit our January 30 supplementations to ten witnesses, while reserving only five additional substitutions for the final witness list. Those proposals all provide Plaintiff with greater limits on our flexibility than the Federal and Local Rules provide. But Plaintiff has nonetheless refused to negotiate with us, and has remained steadfast in its position that we should only be allowed minor supplements to our initial list. Plaintiff has not, however, explained how its current position is consistent with the fact that it initially "reserve[d] the right to supplement or otherwise modify" its own preliminary witness list without any limitations.

Defendants respectfully submit that it would be patently unfair to limit trial as Plaintiff is attempting to, and request that the Court deny the limitations Plaintiff has proposed. In the event
3

the Court is inclined to adopt any limitations on Defendants' ability to supplement our witness list, we request that those limitation be set as following:  up to ten names may be added to the preliminary witness list by no later than January 30, and no more than five names beyond that can be added to the final witness list.

Respectfully Submitted,

/s/
William H. Jones II
Counsel for the United States

/s/
Paul H. Friedman, Esq.
Counsel for NCM LLC and NCM Inc.

/s/
Lawrence E. Buterman, Esq.
Counsel for Screenvision LLC and
SV Holdco LLC