UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        *Plaintiff,*<br>v.<br><br>NATIONAL CINEMEDIA, INC.,<br>NATIONAL CINEMEDIA, LLC,<br>SV HOLDCO, LLC, and<br>SCREENVISION, LLC,<br><br>        *Defendants.* | Civil Action No. 14-cv-08732 (AT)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/26/2015 |

### SUPPLEMENTAL CIVIL CASE MANAGEMENT PLAN AND DISCOVERY PROTOCOL

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, the Parties hereby propose the following Supplemental Case Management Order to govern pretrial proceedings in the above-captioned action in conjunction with the Case Management Order the Court previously entered in this case (Docket No. 34):

1. **Service of the Complaint.** In this action, counsel for Defendants, acting on behalf of Defendants, have accepted service of the Complaint and have waived formal service of a summons.

2. **Nationwide Service of Trial Subpoenas.** In view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court.

3. **Discovery of Confidential Information.** Discovery and production of confidential information shall be governed by the Stipulated Protective Order Concerning Confidentiality, entered by the Court, and a copy of the Order shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

4. **Privilege Log.** The parties agree that privileged or otherwise protected communications that are (1) written by or to the Defendants' outside counsel; and (2) exclusively between employees and/or agents of the United States Department of Justice, may be excluded from privilege logs. Communications to, from, or copying anyone employed by Regal, AMC, or Cinemark who is not an NCM Board member may not be excluded from privilege logs.

5. **Interrogatories.** Plaintiff shall be entitled to serve up to ten (10) interrogatories (including subparts) on each Defendant group. Defendants (collectively) shall be permitted to serve up to 20 interrogatories (including subparts) on Plaintiff.

6. **Requests for Admission.** Plaintiff shall be permitted to propound up to 15 requests for admission on Defendants (collectively). Defendants (collectively) shall be permitted to propound up to 15 requests for admission on Plaintiff.

7. **Depositions of Fact Witnesses:**

   a. Plaintiff and Defendants (collectively) shall each be entitled to notice up to thirty (30) depositions. Each deposition shall be no longer than seven (7) hours in length.

   b. A notice of a deposition of a party to be taken pursuant to Fed. R. Civ. P. 30(b)(6) shall count as one deposition regardless of the number of witnesses produced to testify.

    c. Party witnesses shall be made available for deposition upon ten (10) days notice. Party witnesses must be made available on the date the deposition is noticed or on a date within five business days of the date noticed absent agreement of the parties or relief from the Court.

    d. Plaintiffs may further depose party witnesses whose investigative depositions were taken during the investigation, and the fact that such individuals' depositions were taken during the investigation may not be used as the sole basis to object to their deposition during the litigation.

    e. The parties agree to coordinate with one another in terms of scheduling non-party depositions.

    f. During Party depositions, the non-noticing party shall receive at least one hour of examination time. During non-party depositions, the non-noticing party shall receive at least two hours of examination time. If the non-party deposition is noticed by both parties then the time shall be divided equally. The parties agree to work in good faith and consider reasonable extensions of time for deposition questioning beyond the allotted times.

8. **Subpoenas Duces Tecum.** If a party serves on a non-party a subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the scheduled deposition date must be at least seven days after the original return date for the document subpoena absent good cause shown. Each side shall copy and produce materials obtained in discovery from any non-party to the other side, in the format in which they were received, within two business days after receipt unless otherwise agreed by the parties. If a party provides to a non-party a written explanation, modification or extension of

time to respond to a subpoena, that document will be provided to the other as soon as practicable but in any event no later than one (1) business day after such writing is sent to the non-party. Any oral modification or extension of time by a party to a non-party must be conveyed to the other parties as soon as practicable but in any event no later than two (2) business days after such modification or extension is discussed..

        9.     **Expert Witness Disclosures and Depositions.** Expert disclosures shall be governed by Fed. R. Civ. P. 26, except as modified by this Order. Expert disclosures, including each party's expert reports, shall comply with the requirements of Fed. R. Civ. P. 26(a)(2), except that neither side must preserve or disclose the following documents or materials:

      a. any form of oral or written communication, correspondence, or work product shared between any of the parties' counsel and their expert(s), between testifying and non-testifying experts, between non-testifying experts, or between testifying experts;

      b. any form of oral or written communication, correspondence, or work product shared between an expert(s) and persons assisting the expert;

      c. expert's notes, except to the extent that the notes reflect facts or assumptions relied upon by the expert in the opinions contained in his or her final report;

      d. drafts of expert reports, analyses, or other work product; or

      e. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report.

The parties shall disclose the following materials with all expert reports:

      a. list by Bates number of all documents relied on by the testifying expert(s); and, except for documents or materials exempted from disclosure by subsections a.–e. in the preceding paragraph, copies of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available publicly; and

      b. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, and any intermediate files.

Each deposition shall be no longer than seven (7) hours in length.

10. **Service of Pleadings and Discovery on Other Parties.** Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, and delivery of all correspondence in this matter shall be made by email, except when the volume requires overnight delivery or personal delivery, in which case service shall be made to the following individuals designated by the parties (including principal designees) for each side noted below:

For Plaintiff United States of America:

William H. Jones II
United States Department of Justice
450 Fifth Street, NW, Suite 4000
Washington, D.C. 20530
Ph: (202) 514-0230
bill.jones2@usdoj.gov

Adam Speegle
United States Department of Justice
450 5th Street, NW, Suite 4000
Washington, DC 20530
Ph: (202) 616-5932
adam.speegle@usdoj.gov

For Defendants National CineMedia, Inc. and National CineMedia, LLC:

Paul H. Friedman
Dechert LLP
1900 K Street, NW
Washington, D.C. 20006
Ph: (202) 261-3398
paul.friedman@dechert.com

Lawrence A. Reicher
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036
Ph: (212) 698-3642
Lawrence.reicher@dechert.com

For Defendants SV Holdco, LLC and Screenvision, LLC:

Lawrence E. Buterman
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Ph: (202) 637-2216
lawrence.buterman@lw.com

Vanessa C. Wu
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Ph: (415) 395-8823
Vanessa.wu@lw.com

11. **Demonstrative Exhibits.** Demonstrative exhibits, other than those to be used by experts, do not need to be included on exhibit lists, but unless otherwise agreed or ordered, need to be provided to trial counsel for the parties at least 24 hours before any such exhibit may be introduced, or otherwise used, at trial. However, (1) opening statement slides and closing argument slides and (2) demonstratives created in court need not be pre-disclosed to the opposing party.

12. **Supplementation of Preliminary Witness Lists.** Any party shall be permitted to supplement its Preliminary Witness List on or before January 30, 2015 with no more than ten (10) new fact witnesses.

13. **Exchange of Deposition Designations, Exhibit Lists, and Final Witness Lists.** The parties shall exchange exhibit lists and deposition designations on March 9, 2015. The parties shall serve counter-designations of depositions and objections to deposition designations on March 16, 2015. The parties shall serve objections to exhibit lists on March 16, 2015. The parties will exchange final witness lists on March 16, 2015. Objections to counter-designations of depositions shall be served on March 18, 2015. The parties will meet and confer on

objections to exhibit lists and on objections to deposition designations and counter-designations, as needed, on March 19 and March 20, 2015.

**Modification of Supplemental Case Management Order.** Any party may seek modification of this Order for good cause.

**AGREED TO:**

Dated: January 23, 2015

By: /s/
William H. Jones II
U.S. Department of Justice
Antitrust Division
450 Fifth Street, NW, Suite 8000
Washington, D.C. 20530
Ph: (202) 514-0230
bill.jones2@usdoj.gov
*For the United States*

SO ORDERED.

Dated: January 26, 2015
New York, New York

By: /s/
Paul H. Friedman
Dechert LLP
1900 K Street, NW
Washington, D.C. 20006
Ph: (202) 261-3398
paul.friedman@dechert.com
*For National CineMedia, Inc. and National CineMedia, LLC*

_____
ANALISA TORRES
United States District Judge

By: /s/
Daniel M. Wall
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Ph: (415) 395-0600
dan.wall@lw.com
*For SV Holdco, LLC and Screenvision, LLC*