```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-

NATIONAL CINEMEDIA, INC.,
NATIONAL CINEMEDIA, LLC,
SV HOLDCO, LLC and
SCREENVISION, LLC,

                Defendants.

14 Civ. 08732 (AT)(FM)

**ORDER**

ANALISA TORRES, District Judge:

    By joint letter dated January 28, 2015, Defendants request an order compelling Plaintiff to respond to Defendants' first set of interrogatories. The interrogatory asks Plaintiff to identify all persons who communicated factual information about the merger to Plaintiff and to "provide the relevant date, time, and location of the Communication;" "identify the participants in the Communication;" "state whether the Person expressed support for the Merger, or expressed any concern about the Merger;" and "identify all material facts communicated to You that are relevant to the claims in the Complaint, whether such material facts do or do not tend to support the claims." Plaintiff opposes on the ground that the information is protected by the attorney work product doctrine. Defendants respond that the interrogatory requests only facts learned from the communications, which are not protected as work product and are discoverable.

    "The work-product doctrine . . . is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting *Hickman v. Taylor*, 329 U.S. 495, 510-11 (1947)). Work product may take two forms: fact work product, which includes factual material such as the results of an investigation, and opinion work product, which includes the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative." *In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (citation omitted). "A party seeking discovery of attorney work-product must show 'substantial need,' for fact work-product" and a "'highly persuasive showing of need'" for opinion work product. *In re Grand Jury Proceedings*, 219 F.3d 175, 190-91 (2d Cir. 2000) (alterations and citations omitted).

    Defendants argue that they do not seek interview notes or memoranda, which would undoubtedly constitute work product, and suggest that they are avoiding the disclosure of work product by proceeding via interrogatory rather than document request. This argument exalts form over substance. Defendants and the cases they cite presuppose that the information sought consists of easily identifiable facts that can be plucked from Plaintiff's materials like an apple from a tree. In practice, this is not the case. To answer whether a person expressed support for or concern about the merger, Plaintiff would be required to review its interview notes, memoranda, and other work product and make a determination as to that person's assessment of

the proposed merger. The answer may not be clear or straight-forward, particularly if the third party offered conditional support or expressed reservations. The same situation is present in Defendants' request for material facts, which would also require Plaintiff to review its work product and utilize its professional judgment in order to assess a fact's materiality. In both instances, the attorney reviewing the materials would need to form a conclusion based on both opinion and fact work product that would reveal the very mental impressions and legal theories that *Hickman* holds sacred. Moreover, as the Second Circuit has recognized in the criminal context,

> [i]f an attorney for a suspect, or an investigator hired for the suspect, undertakes a factual investigation, examining *inter alia*, the scene of the crime and instruments used in the commission of the crime, we see no reason why a work product objection would not properly lie if the Government called the attorney or investigator before the grand jury and asked 'What facts have you discovered in your investigation?' We think the district court advanced an exaggerated view in suggesting that work product has no application to facts.

*In re Grand Jury Subpoena Dated Oct. 22, 2001*, 282 F.3d 156, 161 (2d Cir. 2002). No matter the discovery tool, Plaintiff is being asked to produce information that is predicated on and protected by work product.

Having determined that the information sought is, in fact, work product, the Court finds that Defendants have not met their burden of showing a substantial need. Defendants argue that "the information sought is not easily obtainable from any source other than Plaintiff, given the vast number of third parties (approximately 70) Plaintiff spoke to during its investigation and the limited time that remains in discovery." However, Defendants have the list of third parties. They can depose them, collect material facts, and decide for themselves whether a third party expressed support or concern for the merger. That such facts are not "easily obtainable" because Defendants will have to exert considerable effort in a limited amount of time does not support a finding of substantial need. *See Costabile v. Westchester, New York*, 254 F.R.D. 160, 167 (S.D.N.Y. 2008) ("'Substantial need' cannot be shown where persons with equivalent information are available for interrogation and/or deposition."); *Carter v. Cornell Univ.*, 173 F.R.D. 92, 95-96 (S.D.N.Y. 1997) ("[P]laintiff cannot demonstrate substantial need since all of the information contained in the document is culled from interviews with Cornell employees whom plaintiff has deposed or was certainly free to depose."); *see also Upjohn Co. v. United States*, 449 U.S. 383, 396 (1981) ("'Discovery was hardly intended to enable a learned profession to perform its functions on wits borrowed from the adversary.'" (alteration and citation omitted)). Furthermore, Defendants do not demonstrate why, at this late phase of discovery, Plaintiff should be required to bear the burden of reviewing third-party statements and collecting material facts rather than Defendants. The parties most recently discussed the issue on January 7, 2015, yet the Court was not informed of the parties' dispute until January 28, 2015. The parties provide no explanation for the delay.

Defendants' request to compel a response to the first set of interrogatories is DENIED.

SO ORDERED.

Dated: February 5, 2015
New York, New York

_____
ANALISA TORRES
United States District Judge